**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| In re: JESSE FORREST POE, ) | Bankruptcy No. 21-10048-KHK |
| ) | Adversary No. 21-01032-KHK |
| **Debtor.** ) | |
| ) | |
| ) | |
| **INDUSTRIAL DEVELOPMENT AUTHORITY** ) | |
| **OF THE TOWN OF FRONT ROYAL AND** ) | |
| **THE COUNTY OF WARREN, VIRGINIA** ) | Civil No. 1:21-CV-867 |
| **A/K/A ECONOMIC DEVELOPMENT** ) | |
| **AUTHORITY OF THE TOWN OF FRONT** ) | |
| **ROYAL AND THE COUNTY OF** ) | |
| **WARREN, VIRGINIA,** ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| **JESSE FORREST POE,** ) | |
| ) | |
| Appellee. ) | |

## MEMORANDUM OPINION

At issue in this bankruptcy appeal is whether the Bankruptcy Court correctly granted the Debtor's motion to dismiss, thus discharging a disputed debt between the parties. The plaintiff-appellant, the Economic Development Authority of the Town of Front Royal and the County of Warren, Virginia (hereinafter referred to as the "Warren EDA") sued Debtor-appellee Jesse Forrest Poe (hereinafter "Poe") in Virginia state court, raising claims against Poe of fraud, unjust enrichment, conversion, and conspiracy. In the Virginia state court proceedings, Poe filed a plea in bar to dismiss the complaint, arguing that the Warren EDA's claims were barred by Virginia's statute of limitations, an argument the state court rejected. After the state court denied Poe's plea in bar, Poe subsequently filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia. In the course of the bankruptcy proceedings, Poe sought to

1

discharge any potential liability relating to Warren EDA's still-pending state court suit. The Warren EDA filed an adversary complaint against Poe in the bankruptcy proceeding, arguing that any debt Poe owed to the Warren EDA was not dischargeable in bankruptcy because the debt was the result of Poe's larceny and/or willful or malicious injury to the Warren EDA. Poe moved to dismiss the Warren EDA's bankruptcy complaint, repeating the statute of limitations arguments rejected by the Virginia state court. The Bankruptcy Judge agreed with Poe, concluding that the debt was time-barred, and thus dismissed the Warren EDA's complaint. This effectively discharged the debt. The Warren EDA timely filed this appeal, which the parties have fully briefed. The parties waived oral argument, and thus this appeal is ripe for disposition.

I.

Analysis of this bankruptcy appeal properly begins with a discussion of the Warren EDA's Virginia state court suit filed against Poe and various co-defendants, as the disputed debt arises from the Warren EDA's claims against Poe in that state court proceeding.

Appellant the Warren EDA is an economic and business development organization supporting the town of Front Royal, Virginia and the County of Warren, Virginia. Jennifer McDonald served as the Executive Director of the Warren EDA from at least 2014 until 2018. *See* First Amended Complaint ("Amended State Court Complaint") (Dkt. 2-1 at 165). The Warren EDA officials came to believe that McDonald had engaged in various schemes to embezzle and misappropriate funds from the Warren EDA for McDonald's personal benefit. On March 26, 2019, after investigating McDonald's conduct, the Warren EDA filed a suit in Warren County, Virginia against McDonald, alleging that during her tenure as Executive Director, McDonald conspired with various codefendants to embezzle funds and defraud the Warren EDA

for McDonald's personal benefit.[1] The initial state court complaint, which did not include any allegations against Poe, alleged counts of fraud, conversion, conspiracy, unjust enrichment, breach of fiduciary duty, and ultra vires transactions against McDonald and numerous co-defendants.

On October 14, 2019, after further investigation revealed Poe's role in McDonald's scheme, the Warren EDA amended its state court complaint to add Poe as a co-defendant and to detail Poe's involvement in McDonald's scheme. *See* Amended State Court Complaint at 167. The Amended State Court Complaint alleges that McDonald wrote a cashier's check from the Warren EDA's account to Poe for $285,000 and that on July 31, 2015, Poe used that check to purchase a property in Stephens City, Virginia. *See id.* at 204–05. The Amended State Court Complaint further alleges that Poe delivered the ill-gotten cashier's check to Service Title of Front Royal to buy the Stephens City property. Upon the closing of the sale of the Stephens City property, Service Title of Front Royal in turn gave Poe a check of $2,475.60, representing the balance of value of the cashier's check less the property purchase price. *Id.*

Four months later, in November 2015, Poe allegedly listed the Stephens City property for sale, with McDonald, who is also a licensed realtor, serving as the real estate agent. In January 2016, Poe sold the property for $269,000 and allegedly retained the sale proceeds. The Amended State Court Complaint does not allege any direct contact between the Warren EDA and Poe, but rather alleges that Poe received embezzled funds from McDonald and used those funds to

---

[1] In August 2021, Jennifer McDonald was indicted by a grand jury in the United States District Court for the Western District of Virginia. *See United States v. McDonald*, No. 5:21-cr-00012-EKD (W.D.Va. Aug. 25, 2021). The indictment charged McDonald with wire fraud, bank fraud, and money laundering, all of which stem from McDonald's role as Executive Director of the Warren EDA. *Id.*

3

purchase the Stephens City property. The Amended State Court Complaint alleged claims of fraud, conversion, unjust enrichment, and conspiracy against Poe. *See* Dkt. 2-1 at 207–10.

After the Warren EDA filed its Amended State Court Complaint against Poe, Poe filed a plea in bar in the state court proceedings, *see* Dkt. 2-1 at 233–42, arguing that the Warren EDA's claims against him were barred by the statute of limitations. In that plea in bar, Poe argued that in *Belcher v. Kirkwood*, 383 S.E.2d 729 (Va. 1989), the Supreme Court of Virginia held that claims of unjust enrichment are subject to a three-year statute of limitations.[2] *See* Dkt. 2-1 at 234–36. Poe argued that the Warren EDA's Amended State Court Complaint was thus barred by the statute of limitations because the amended complaint was filed in October 2019, while the alleged unjust enrichment occurred in 2015, more than three years prior. The plea in bar was fully briefed and argued in state court, and on August 28, 2020 the state court judge issued a one-page order denying the plea in bar. *See* Dkt. 2-1 at 252. The state court suit remains pending.

On January 13, 2021, several months after the state court denied Poe's statute of limitations plea in bar, Poe filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Virginia. In his bankruptcy petition, Poe claimed a disputed debt with the Warren EDA of $21,000,000; this debt stems from the Warren EDA's claims against Poe in the state court suit.[3] On June 3, 2021, the Warren EDA filed an adversary complaint and thus initiated an adversary proceeding in Poe's bankruptcy litigation. In that complaint, the Warren EDA alleged that the debt Poe owed to Warren EDA was not dischargeable in

---

[2] As discussed in extensive detail below, Poe's argument relies on a misreading of *Belcher*, and the holding of that case does not apply to the Warren EDA's claims at issue here.

[3] The $21,000,000 figure appears to represent the full scope of the Warren EDA's claims against McDonald and her co-defendants, as the only allegations raised in the Amended State Court Complaint against Poe involve much smaller sums of approximately $300,000.

bankruptcy proceedings. In this respect, the Warren EDA argued that Poe's knowing use of misappropriated funds was a non-dischargeable debt pursuant to 11 U.S.C. § 523(a). In relevant part, § 523(a) prohibits bankruptcy courts from discharging any debt "for fraud … embezzlement, or larceny" and "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(4),(a)(6).

On June 4, 2021, the Bankruptcy Court entered an order discharging Poe's debts, but that order excepted from discharge any debts which are not dischargeable under § 523. Thereafter, on June 22, 2021, Poe filed in the Bankruptcy Court a motion to dismiss the Warren EDA's complaint under Rule 12(b)(6), Fed. R. Civ. P. Poe's motion to dismiss renewed Poe's argument, previously made in Virginia state court and rejected in state court, that the Warren EDA's claims against Poe were time-barred by Virginia's three-year statute of limitations for oral contracts. The motion was fully briefed, and the Bankruptcy Court held a hearing on the motion on July 6, 2021. The Warren EDA argued before the Bankruptcy Court (i) that the state court had already adjudicated the statute of limitations argument and Poe should thus be collaterally estopped from relitigating the issue and, (ii) in any event, the state court had reached the correct result and the claims were not time-barred.

In the course of the hearing on the motion to dismiss, the Bankruptcy Court reasoned that a denial of a demurrer was not entitled to collateral estoppel under Virginia law. Reaching the merits of the statute of limitations argument, the Bankruptcy Court reasoned that the Supreme Court of Virginia's decision in *Belcher v. Kirkwood* applied to the Warren EDA's claim for unjust enrichment. The Bankruptcy Court thus held that Virginia Code § 8.01-246(4)(ii), which applies to actions relating to breach of an oral contract and imposes a three-year statute of

limitations, applied to all of the Warren EDA's claims against Poe. The Bankruptcy Court further explained during the hearing:

> Then I find that Virginia Code Section 8.01-246(4)(ii) applies and that the statute of limitations was not -- had been exhausted by the time the case was filed. Therefore, I don't see a debt here, and if there's no debt, there can't be any -- an issue of dischargeability. So I'm going to grant the motion to dismiss the case on a 12(b)(6).

July 6, 2021 Bankruptcy Court Transcript (Dkt. 3 at 22). The Bankruptcy Court issued a one-page order granting Poe's motion to dismiss the Warren EDA's adversary complaint. The Warren EDA timely appealed that order, and jurisdiction to hear this appeal here is provided by 28 U.S.C. § 158(a)(1).

## II.

This case involves review of the Bankruptcy Court's grant of Poe's motion to dismiss the complaint. The district court reviews "the bankruptcy court's legal conclusions de novo and its factual findings for clear error." *In re Harford Sands Inc.*, 372 F.3d 637, 639 (4th Cir. 2004). To the extent the issues involve "mixed questions of law and fact," those questions "are also reviewed de novo." *In re J.A. Jones, Inc.*, 492 F.3d 242, 249 (4th Cir. 2007).

The Supreme Court has made clear that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For purposes of resolving a motion to dismiss, plaintiff's well-pleaded allegations are assumed to be true and all facts are viewed in the light most favorable to plaintiff. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). Where, as here, a court grants a motion to dismiss a complaint for failure to state a claim, that order is reviewed de novo.

### III.

This case arises under Chapter 7 of the United States Bankruptcy Code, and thus it is appropriate to summarize briefly the standard procedure followed in Chapter 7 proceedings. As the leading treatise on bankruptcy law explains, "Chapter 7, colloquially known as straight bankruptcy, is the operative chapter of the Bankruptcy Code that normally governs liquidation of a debtor." COLLIER ON BANKRUPTCY ¶ 700.01 (16th Ed., 2022) (internal quotations omitted) (hereinafter "Collier"). As an initial step in a Chapter 7 bankruptcy, the debtor "is required to file schedules, a statement of financial affairs and other documents within a short time after the case is commenced, giving all parties necessary information about the debtor's circumstances." Collier ¶ 700.03.  The bankruptcy court then sends a notice of the case, along with the debtor's schedules, to all potential creditors. Section 341 provides for a meeting of the creditors, during which the creditors are permitted to examine the debtor. *See* 11 U.S.C. § 341. The creditors are thereafter permitted to file complaints in the bankruptcy court to determine the dischargeability of specific debts. *See* 11 U.S.C. § 523 (detailing various types of debts not subject to discharge under Chapter 7); *see also* Collier ¶ 523.01 (explaining that § 523 "expressly excepts various categories of debts" from discharge). Of particular importance for this case, § 523(a)(4) renders non-dischargeable any debt "for fraud … embezzlement, or larceny" and § 523(a)(6) renders non-dischargeable any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

### IV.

Appellant Warren EDA raises seven issues on this appeal. In particular, the Warren EDA argues that:

1. The Bankruptcy Court erred in holding that collateral estoppel did not apply to the Virginia state court's order on Poe's statute of limitations plea in bar;

2. The Bankruptcy Court erred in holding that *Belcher v. Kirkwood* applied to the Warren EDA's unjust enrichment claims;

3. The Bankruptcy Court erred in holding that Va. Code § 8.01-246(4)(ii) applies to the Warren EDA's claim for unjust enrichment;

4. The Bankruptcy Court erred in considering only Warren EDA's unjust enrichment claim and not other claims raised by the Warren EDA against Poe;

5. The Bankruptcy Court erred in holding that Virginia's statute of limitations for oral contracts applies to the Warren EDA's unjust enrichment claim, even though the unjust enrichment action does not stem from an oral contract between the parties;

6. The Bankruptcy Court erred in failing to afford any deference to the Virginia state court decision rejecting Poe's statute of limitations argument;

7. The Bankruptcy Court erred in failing to consider that some of the Warren EDA's claims are not governed by Virginia's statute of limitations for oral contracts.

Although the Warren EDA has identified seven legal issues in this appeal, it is unnecessary to reach and decide each of these issues to resolve this appeal. Several of the issues identified by the Warren EDA are duplicative and need not be addressed separately. For example, the second and fifth issue both contend that the Warren EDA's unjust enrichment claim is not subject to Virginia's three-year statute of limitations for oral contracts. Instead, resolution of this appeal requires analysis of only three legal issues:

1. Whether the Bankruptcy Court erred in holding that the Virginia state court order rejecting Poe's statute of limitations argument was not entitled to preclusive effect under the doctrine of collateral estoppel.

2. Whether the Bankruptcy Court erred in holding that the Warren EDA's claim for unjust enrichment was barred by Virginia's three-year statute of limitations applicable to oral contracts.

3. Whether the Bankruptcy Court erred in holding that the Warren EDA's remaining claims against Poe were also time-barred.

As discussed below, the Bankruptcy Court correctly concluded that the Virginia state court order denying Poe's plea in bar was not entitled to preclusive effect due to collateral

8

estoppel, but the Bankruptcy Court erred in concluding that any of the Warren EDA's claims, including the Warren EDA's claims for unjust enrichment, were time-barred under Virginia's statute of limitations for oral contracts.

### A. The Bankruptcy Court did not err in holding that collateral estoppel did not apply to the Virginia state court order rejecting Poe's statute of limitations argument.

The Warren EDA first argues that the Bankruptcy Court erred by holding that collateral estoppel did not apply to Poe's statute of limitations argument. *See* Dkt. 5 at 4. This argument is mistaken. The parties agree that "principles of collateral estoppel apply in dischargeability proceedings in bankruptcy." *In re McNallen*, 62 F.3d 619, 624 (4th Cir. 1995). In this respect the Fourth Circuit has instructed that "[i]n determining the preclusive effect of a state-court judgment, the federal courts must, as a matter of full faith and credit, apply the forum state's law of collateral estoppel." *Id.* Thus, the analysis of whether to give preclusive effect to the Virginia state court order must be begin with analysis of Virginia's law of collateral estoppel.

As the Supreme Court of Virginia has explained, collateral estoppel, also known as issue preclusion, "precludes parties to the first action and their privies from relitigating any issue of fact actually litigated and essential to a valid and final personal judgment in the first action." *Lane v. Bayview Loan Servicing, LLC*, 831 S.E.2d 709 (2019) (citing *Funny Guy, LLC v. Lecego LLC*, 795 S.E.2d 887 (Va. 2017)). Under Virginia law, a party seeking to assert collateral estoppel must show:

>   (1) that the parties to the two proceedings are the same;
>
>   (2) that the issue sought to be litigated was actually litigated in the prior proceeding;
>
>   (3) that the issue was essential to the prior judgment; and
>
>   (4) that the prior proceeding resulted in a valid, final judgment against the party against whom collateral estoppel is sought to be applied.

9

*Lane*, 831 S.E.2d at 714 (2019) (quoting *Glasco v. Ballard*, 452 S.E.2d 854 (Va. 1995)).

There is no dispute that the first three requirements of collateral estoppel are satisfied in this case: (1) the state court proceeding involved the same parties, namely Poe and the Warren EDA; (2) the statute of limitations issue was actually litigated in Virginia state court proceedings; and (3) the statute of limitations issue was essential to the state court order denying Poe's plea in bar. The only question, therefore, is whether the state court ruling on the plea in bar constitutes a final judgment. The bankruptcy judge summarily rejected the notion that a denial of a plea in bar was entitled to preclusive effect, explaining to counsel for the Warren EDA "I don't understand why you think that collateral estoppel would apply here, when -- based simply on a demurrer." Bankruptcy Hearing Transcript at 20. The Bankruptcy Court was correct in this conclusion; preclusive effect via collateral estoppel does not apply to a denial of a plea in bar.

The Supreme Court of Virginia's opinion in *Kellogg v. Green*, 809 S.E.2d 631 (2018), is instructive in this regard. There, the Supreme Court of Virginia held that a show cause order was not a final order for the purpose of collateral estoppel, explaining that a "decree is final [for purposes of collateral estoppel] only when it disposes of the whole subject, gives all the relief that is contemplated and leaves nothing to be done by the court in the cause except its ministerial execution." *Kellogg*, 809 S.E.2d at 635 (citing *Brooks v. Roanoke Cty. Sanitation Auth.*, 114 S.E.2d 758, 760 (Va. 1960)). The *Kellogg* Court also considered that the show cause order there in question "did not contain any language to indicate that it was a final order" and that after the order issued, "the matter … [remained] pending on the circuit court's docket." *Id.*

The reasoning and results in *Kellogg*, applied to this case, make clear that the state court order denying Poe's plea in bar was not final and therefore the Bankruptcy Court did not err in declining to give that order preclusive effect. Significantly, the state court's one-page order did

10

not indicate that it constituted a final ruling; to the contrary, the state court order noted that "Poe's objections to the Court's ruling are preserved," presumably for subsequent appeal. Dkt. 2-1 at 252. Thus, the state court's order was not final and therefore was not entitled to preclusive effect.

In further support of the conclusion that the denial of Poe's plea in bar was not final for the purpose of collateral estoppel, the Supreme Court of Virginia held in *Norris v. Mitchell* that an order sustaining a demurrer is not a final order for the purposes of res judicata unless the order dismisses the case. *Norris v. Mitchell*, 495 S.E.2d 809, 811 (Va. 1998) (holding that an order "sustaining the demurrer and dismissing the first action, was not a final order, an essential element for the imposition of the doctrine of res judicata."). It is clear therefore that the state court's order, which did not dismiss the state court case and which Poe could still appeal at the conclusion of the state court trial, was not final for the purposes of collateral estoppel. The Warren EDA cannot establish the elements of collateral estoppel and thus the Bankruptcy Court correctly declined to give preclusive effect to the state court's order denying Poe's plea in bar.

B.   **The Bankruptcy Court erred in holding that Virginia law applies a three-year statute of limitations to the Warren EDA's claims against Poe**

Although the state court order rejecting Poe's statute of limitation argument does not collaterally estop Poe from re-raising those arguments in bankruptcy proceedings, the state court order nonetheless reached the correct result in rejecting Poe's erroneous argument that the Warren EDA's claims were time-barred. In this respect, the Bankruptcy Court erred in holding that the Supreme Court of Virginia's decision in *Belcher v. Kirkwood*, applied to the Warren EDA's claims of unjust enrichment against Poe. As explained below, that holding rested on a misreading of the *Belcher* opinion. *Belcher* does not apply to the facts of this case, and thus the Bankruptcy Court's contrary ruling must be reversed.

11

In *Belcher*, the Supreme Court of Virginia ruled that an equitable claim of unjust enrichment premised on an oral contract was subject to the same statute of limitations that governs legal claims arising from oral contracts. The *Belcher* case involved a dispute between former lovers who had loaned each other money in the course of their relationship. The plaintiff in *Belcher* had paid the defendant approximately $25,000 in their eight years living together. Before the relationship soured and the defendant moved out, the defendant "signed a demand note … evidencing his agreement to repay $14,429.14" to the plaintiff. *Belcher*, 383 S.E.2d at 730. The *Belcher* plaintiff thereafter sued her ex-lover, seeking to recover two debts: (i) the $14,429.14 covered by the demand note and (ii) an additional $11,697.34 not covered by the demand note, but which the plaintiff had paid the defendant after the defendant made "promises of marriage, urged, coerced and frauded [sic] the Plaintiff into making loans of substantial sums of money to him." *Id.* at 730 (internal quotations omitted).

The defendant in *Belcher* admitted that he was liable for the $14,429.14 covered by the demand note, but argued that plaintiff's claim for $11,697 was barred by the three-year statute of limitations applicable to oral contracts. *Belcher*, 383 S.E.2d at 731. Plaintiff responded that her suit arose not from an oral contract, but rather from an equitable claim for unjust enrichment, and was thus not time-barred. Distilled to its essence, plaintiff's argument was that the three-year statute of limitations applied only to actions at law, not to suits in equity. The Supreme Court of Virginia rejected this argument as erroneously formalistic, noting the "well-established principle uniformly acted upon by courts of equity, that in respect to the statute of limitations equity follows the law; and if a legal demand be asserted in equity which at law is barred by statute, it is equally barred in equity." *Id.* (quoting *Sanford v. Sims*, 66 S.E.2d 495, 498 (1951)). The *Belcher* Court therefore held that plaintiff could not escape the statute of limitations for her legal claim

12

(i.e. breach of oral contract) by asserting the same claim as an equitable one (i.e. unjust enrichment).

Poe argued before the Bankruptcy Court, and argues again in this appeal, that *Belcher* stands for the proposition that all claims for unjust enrichment are subject to a three-year statute of limitations. This reading of *Belcher* is erroneous. *Belcher* merely stands for the proposition that a party may not disguise a legal claim as an equitable one in order to avoid the statute of limitations. But *Belcher* does not stand for the proposition that all claims for unjust enrichment, even those unconnected to an oral contract between the parties, are subject to the statute of limitations applicable to oral contracts.

This view of *Belcher* is confirmed by opinions of Virginia courts and federal courts applying *Belcher*.[4] Thus where, as here, there is no equivalent legal claim to the equitable claim for unjust enrichment asserted by the creditor, the *Belcher* opinion is silent as to the applicable

---

[4] For example, in *Michigan Mutual Insurance Company v. Smoot*, Judge Gerald B. Lee stated that *Belcher* "does not stand for the proposition" that "a three-year statute of limitations applies to equity settings where one is under an obligation to pay money." *Michigan Mut. Ins. Co. v. Smoot*, 183 F. Supp. 2d 806, 812 n.1 (E.D. Va. 2001). Judge Lee went on to explain that under Virginia law, "[t]here is no general rule that unjust enrichment claims for the repayment of money are governed by a three-year statute of limitations." *Id.* Various Virginia state courts have also acknowledged the limited holding of *Belcher*. *See, e.g.*, *Ruloff v. Precon Dev. Corp.*, 99 Va. Cir. 441 (2018) (applying laches, and not the statute of limitations for an oral contract, to an equitable claim of unjust enrichment); *Bryan v. Nationwide Mut. Ins. Co.*, 65 Va. Cir. 233 (2004) (explaining that *Belcher* "concerned a claim for unjust enrichment based on an oral contract, originally filed as an action at law" and did not extend to all unjust enrichment claims). To be sure, numerous courts, including this one, have cited *Belcher* in unjust enrichment cases involving contracts between the parties for the proposition that such claims are subject to a three-year statute of limitations. *See, e.g.*, *McPike v. Zero-Gravity Holdings, Inc.*, 280 F. Supp. 3d 800, 809 (E.D. Va. 2017) (Ellis, J.). But this case involves dissimilar circumstances, because the Warren EDA and Poe were never in privity with one another and certainly never formed a contract. Thus, the present case is distinguishable from those cases interpreting *Belcher* to apply Virginia's three-year statute of limitations to unjust enrichment claims which relate to an oral contract.

13

statute of limitations. Here, no oral contract ever existed between Poe and the Warren EDA, as the parties were never in privity with one another nor did they ever communicate. There is no doubt that the Warren EDA could not have raised its unjust enrichment claim against Poe as a claim for breach of an oral contract, so it makes no sense to apply Virginia's statute of limitations for oral contracts to the Warren EDA's claim for unjust enrichment.

Debtor's statute of limitations argument rests solely on the erroneous claim that Virginia's three-year statute of limitations applicable to oral contracts is applicable to the creditor's claim of unjust enrichment; Debtor does not provide any other basis on which to dismiss the Creditor's complaint and thus render the debt dischargeable.[5] Under Virginia law, the Debtor bears "the burden of proof to establish facts necessary to prevail on a statute of limitations plea." *Lo v. Burke*, 455 S.E.2d 9, 12 (Va. 1995). As Debtor cannot carry this burden, the statute of limitations challenge Debtor raises must fail.

**C.     The Bankruptcy Court erred in holding that the Warren EDA's conversion claim was time-barred**

Even setting aside the conclusion that the Warren EDA's claims for unjust enrichment are not time-barred, the Warren EDA's other claims against Poe, namely the Warren EDA's

---

[5] On this point, the Warren EDA asserts, and Poe does not dispute, that the equitable doctrine of laches is a defense to a claim of unjust enrichment which bars parties from bringing untimely suits after unreasonable delay. As the Supreme Court of Virginia has instructed, laches is "the neglect or failure to assert a known right or claim for an unexplained period of time under circumstances prejudicial to the adverse party." *Princess Anne Hills v. Susan Constant Real Est.*, 413 S.E.2d 599, 602 (1992). The party asserting laches bears the burden of establishing its existence. *Id.* Poe has not argued, yet alone established, (i) that the Warren EDA was negligent in discovering the embezzled funds or (ii) that Poe has been prejudiced by any negligence attributable to the Creditor. Poe therefore has not sustained a laches defense. Even if Poe had successfully argued that laches applies, the Warren EDA notes that, under Virginia law, laches does not apply "to a local government in the discharge of its governmental functions." *Bd. of Sup'rs of Washington Cnty. v. Booher*, 352 S.E.2d 319, 321 (1987).

claim for conversion, was also timely filed. In this respect, the Supreme Court of Virginia has held that claims for conversion are subject to a five-year statute of limitations. *See Bader v. Cent. Fid. Bank*, 427 S.E.2d 184, 187 (Va. 1993). The *Bader* Court held "the five-year period of limitations under § 8.01–243(B) is applicable to" conversion claims. *Id.* Section 8.01-243(B) of the Virginia Code provides that "[e]very action for injury to property… shall be brought within five years after the cause of action accrues." Va. Code Ann. § 8.01-243 (West). There is no doubt and no argument that the Warren EDA filed its Amended State Court Complaint against Poe within five years of the conversion claim accruing, and thus the Warren EDA's conversion claim was timely filed. The motion to dismiss should therefore have been denied with respect to the Warren EDA's conversion claim, and the Bankruptcy Court's contrary ruling must be reversed.

## V.

For the foregoing reasons, the Bankruptcy Court's order dismissing the Warren EDA's complaint as time-barred must be reversed. The Bankruptcy Court correctly determined that the Virginia state court order denying Poe's plea in bar was not entitled to preclusive effect via collateral estoppel. The Bankruptcy Court erred, however, in holding (i) that Virginia's three-year statute of limitations for oral contracts applied to the Warren EDA's unjust enrichment claims against Poe and (ii) that the Warren EDA's claims for unjust enrichment and conversion were time-barred. Thus, the Bankruptcy Court's order dismissing the Warren EDA's adversary complaint must be reversed, and the matter will be remanded to the Bankruptcy Court for further proceedings not inconsistent with this opinion. A corresponding Order will issue separately.

The Clerk of Court is directed to send a copy of this Memorandum Opinion to all counsel of record.

Alexandria, Virginia
July 18, 2022

/s/
T. S. Ellis, III
United States District Judge

15